UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-01562-SPG-JC | Date | August 14, 2025 |
|---|---|---|---|
| Title | KAREN MARLATT v. WALMART INC. ET AL. | | |

**JS-6**

| Present: The Honorable | SHERILYN PEACE GARNETT, UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND [ECF NO. 11]

Before the Court is a Motion to Remand (ECF No. 11 ("Motion")) filed by Plaintiff Karen Marlatt. The Court has read and considered the parties' submissions and concluded that the Motion is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

**Background**

This case involves alleged disability discrimination arising out of a former employment relationship between Plaintiff and Defendants Walmart Inc., Walmart Associates, Inc., and Lucy Sanchez.[1] Plaintiff alleges that while employed at Walmart, Defendant Sanchez was her former supervisor. Relevant to this instant Motion, Plaintiff filed her Complaint against Defendants in state court on June 17, 2024. *See* (ECF No. 1-1 ("Compl.")). According to both parties' representations, Plaintiff attempted to locate and serve Defendant Sanchez; eventually, Plaintiff served a second set of special interrogatories, requesting that Defendant Walmart provide the last known contact information for Defendant Sanchez. (Mot. at 7); (Opp. at 8). On April 29, 2025, Defendant Walmart responded to the interrogatory, informing Plaintiff that Defendant Sanchez's last known address was in California. *See* (ECF No. 11-5 at 2). On June 3, 2025, Plaintiff purportedly served Defendant Sanchez. On June 17, 2025, Defendant Walmart removed this action to federal court, asserting that diversity jurisdiction exists. *See* (ECF No. 1, Notice of Removal ("NOR")).

On July 10, 2025, Plaintiff moved to remand this case back to state court. Defendant

---

[1] For simplicity, the Court hereinafter refers to Defendants Walmart Inc. and Walmart Associates, Inc. as Defendant Walmart.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01562-SPG-JC | Date | August 14, 2025 |
| Title | KAREN MARLATT v. WALMART INC. ET AL. | | |

Walmart opposes, *see* (ECF No. 12 ("Opp.")), and Plaintiff has filed a reply, *see* (ECF No. 16 ("Reply")).

**Legal Standard**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a). An individual is a citizen of the state where he is domiciled, meaning the state where the person resides in his "permanent home" with the intent to remain or the place to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The removing party bears the burden of establishing federal subject-matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

**Discussion**

Plaintiff moves for remand, primarily contending that Defendant Walmart's NOR fails to establish diversity jurisdiction. According to Plaintiff, both she and Defendant Sanchez share citizenship in California, thereby defeating complete diversity. In opposition, Defendant Walmart advances two arguments. First, Defendant Walmart advocates that complete diversity must be determined by considering only the citizenship status of defendants who were properly joined and served in the lawsuit at the time of removal—not the citizenship status of all named defendants irrespective of service. Because Plaintiff allegedly failed to properly serve Defendant Sanchez at the time of removal, Defendant Walmart asserts that the Court's assessment of diversity jurisdiction should not consider Defendant Sanchez's citizenship status.[2] *See* (Opp. at 12–15). Second, even if the Court considers Defendant Sanchez's

---

[2] Plaintiff disputes Defendant Walmart's representation that she did not properly serve Defendant Sanchez before removal. The Court, however, need not resolve this dispute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01562-SPG-JC | Date | August 14, 2025 |
| Title | KAREN MARLATT v. WALMART INC. ET AL. | | |

citizenship, Defendant Walmart further asserts that complete diversity does exist because Defendant Sanchez allegedly relocated out of California in February 2025. Therefore, she no longer shares a California citizenship with Plaintiff. See (*id.* at 9–10). The Court disagrees with Defendant Walmart's arguments.

First, the purportedly inadequate service to Defendant Sanchez is immaterial to the Court's assessment of diversity jurisdiction. Ninth Circuit precedent has long established that, "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969). Indeed, the Ninth Circuit in *Vitek* rejected Defendant Walmart's present "misassumption that 28 U.S.C. § 1441(b), by implication, expanded removal jurisdiction to permit removal, despite want of diversity, if a resident defendant whose presence would defeat diversity had not been served." *Id.* at 1176 n.1. Multiple district courts within the Ninth Circuit have followed *Vitek*, thereby assessing the citizenship of all named parties irrespective of proper service for diversity jurisdiction purposes. *See, e.g., Lam Sing v. Sunrise Senior Mgmt., Inc.*, No. C 23-00733 WHA, 2023 WL 3686251, at *3 (N.D. Cal. May 26, 2023); *Mimbs v. Northrop Grumman Sys. Corp.*, No. 2:21-CV-06685-SVW-JEM, 2021 WL 12336651, at *4 (C.D. Cal. Oct. 27, 2021); *Farrell by & Through Tr. of Farrell Living Tr. v. JP Morgan Chase Bank, N.A.*, No. 4:20-CV-03709 YGR, 2020 WL 6318717, at *3 (N.D. Cal. Oct. 28, 2020); *James v. S & A Cap. Partners, Inc.*, No. 117CV01164LJOBAM, 2017 WL 4844389, at *2 (E.D. Cal. Oct. 25, 2017). The Court thus considers the citizenship status of all named parties, including Defendant Sanchez, to determine whether complete diversity exists.

Based on the evidence presented, complete diversity does not exist here. Defendant Walmart asserts that Defendant Sanchez relocated out of California in February 2025 and, therefore, she does not share citizenship with Plaintiff. However, diversity of citizenship is measured at the time the complaint is filed. *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008) (courts must "measure[ ] all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing" (quoting Grupo *Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004))); *see also In re Hawaii Fed. Asbestos Cases*, 960 F.2d 806, 809–10 (9th Cir. 1992) ("It is well-settled that the existence of complete diversity is assessed at the time of the filing of a complaint and that subsequent changes in the citizenship of an existing party do not affect the determination of jurisdiction."). As such, when Plaintiff filed her complaint in June 2024, the evidence demonstrates that Defendant Sanchez was domiciled in California, thereby establishing that complete diversity does not exist. *See* (ECF No. 14 ("Sanchez Decl.")). Because Defendant

---

because as explained in the above-the-line text, proper service does not impact the diversity jurisdiction analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01562-SPG-JC | Date | August 14, 2025 |
| Title | KAREN MARLATT v. WALMART INC. ET AL. | | |

Walmart has not satisfied its burden of establishing complete diversity, remand is appropriate here.[3]

**Conclusion**

For the foregoing reasons, the Court GRANTS the Motion.

Initials of Preparer    pg

---

[3] Plaintiff also requests that the Court impose sanctions against Defendant Walmart, pursuant to 28 U.S.C. § 1447(c). (Mot. at 14–16). According to Plaintiff, Defendant Walmart made in bad faith inconsistent representations about Defendant Sanchez's residency when the parties engaged in discovery in the state court proceedings. The Court, however, does not find that Defendant Walmart necessarily acted in bad faith. Its response to Plaintiff's second set of interrogatories provided, "[t]o Walmart's knowledge," Defendant Sanchez's last known address and contact information, but nonetheless disclaimed that "[i]f Ms. Sanchez's contact information has changed since she separated from Walmart, Walmart is not in possession, custody, or control of such information." (ECF No. 11-5 at 2). This fact, alone, does not reflect, as Plaintiff characterizes, Defendant Walmart's action of "obstruct[ing] proceedings . . . ." (Mot. at 16).